UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:17-CR-82-TAV-CCS |
| | ) | |
| RANDALL KEITH BEANE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the purported "Notice of Filing Notice of Appearance" [Doc. 21] and "Notice of Filing Standing Due Termination Now a Matter of Public Record" [Doc. 22], both made by Patricia Crawford, ostensibly on behalf of Defendant Randall Keith Beane. On July 18, 2017, Defendant Beane was charged [Doc. 3] with five counts of wire fraud, one count of bank fraud, and conspiracy to commit money laundering. Defendant Beane appeared before the undersigned for an initial appearance and arraignment on July 27, 2017. At that time and at the Defendant's request, the Court appointed Assistant Federal Defender Bobby E. Hutson, Jr., to represent Defendant Beane. On August 14, 2017, Mr. Hutson filed a Motion to Review the Attorney/Client Relationship [Doc. 20], contending that Defendant Beane has indicated that he no longer wants Mr. Hutson or any attorney to represent him and that he wants to represent himself. The Court has set a hearing on this motion on **August 29, 2017, at 2:30 p.m.**

Also, on August 14, 2017, an individual named Patricia Crawford, who is not a party to this case and who is unknown to the Court, filed the two notices listed above. The first notice [Doc. 21] purports to be a notice of appearance and to "record" the "NOTICE OF APPEARANCE of Randall Keith Beane as self, 'pro per' in the above titled Case, with full responsibility, liability and accountability and without prejudice, effective nunc pro tunc, praeterea

preterea." However, this notice is signed by Patricia Crawford and not by Defendant Beane. The second notice [Doc. 22] purports to "record" the "STANDING DUE TERMINATION OF ANY AND ALL COURT APPOINTED ATTORNEY(S), INCLUSIVE OF BOBBY HUTSON, in the above titled Case(s), with full responsibility, liability and accountability and without prejudice, effective nunc pro tunc, praetera preterea." This notice is also signed by Patricia Crawford and not by Defendant Beane.

The Court must strike these filings because they have no basis in fact or in law and they violate the local rules. First, the notice of appearance does not identify Patricia Crawford or explain her relationship to Defendant Beane. Ms. Crawford does not indicate (or even hint) that she is an attorney for Defendant Beane. Moreover, there is no such thing as a notice of appearance filed by one individual on behalf of another individual. Clearly, attorneys can file their notice of appearance in a case, but that is not what Ms. Crawford has filed here. Here, the Court simply has someone, identified only by name (Patricia Crawford), purporting to file a document (a Notice of Appearance) on behalf of a named defendant. Furthermore, Ms. Crawford does not even claim to have the permission of Defendant Beane to file this document, and only Ms. Crawford has signed the document, not Defendant Beane.

The notice [Doc. 22] that purports to discharge Mr. Hutson suffers from the same problems as the notice of appearance: It is filed by a layperson, who is not the Defendant, and it is not signed by the Defendant. Moreover, even if Defendant Beane had filed this notice himself, he cannot terminate Mr. Hutson. Instead, only the Court can substitute counsel or permit Defendant Beane to represent himself.

Finally, both of these notices are filed in violation of Local Rule 83.4, because Defendant Beane is presently represented by counsel. Local Rule 83.4(c) states in pertinent part as follows:

> Whenever a party has appeared by attorney, that party may not thereafter appear or act in his or her own behalf in the action or proceeding, unless an order of substitution shall first have been made by the Court, after notice by the party to the attorney and to the opposing party.

Moreover, only a licensed attorney, who has been admitted by this Court or who has been permitted to appear pro hac vice, may represent a party in a proceeding before this Court. Defendant Beane is already represented by appointed counsel. Accordingly, he may not file a notice or motion on his own behalf, nor may a layperson file a document on his behalf.

The Court is not ruling or even suggesting that Defendant Beane cannot represent himself pro se in this case. However, if Defendant Beane chooses to represent himself, it cannot be by virtue of a filing by an unknown third person, but only by Defendant Beane personally appearing before the Court, asking to represent himself, and knowingly and voluntarily waiving his right to be represented by an attorney. In this regard, the Court must determine that Defendant Beane is aware of the risks and dangers of self-representation and is competently and intelligently choosing to represent himself. Mr. Hutson has initiated such a hearing by filing the Motion to Review the Attorney/Client Relationship [Doc. 20], and the undersigned has set this hearing for August 29, at 2:30 p.m. Therefore, the Court **ORDERS** that the purported "Notice of Filing Notice of Appearance" [**Doc. 21**] and the "Notice of Filing Standing Due Termination Now a Matter of Public Record" [**Doc. 22**] be **STRICKEN**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge