IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:17-CR-82-TAV-CCS |
| RANDALL KEITH BEANE, and | ) | |
| HEATHER ANN TUCCI-JARRAF, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on August 29, 2017, for two motion hearings, one for each of the Defendants in this case, to discuss their representation and to reset the schedule. Assistant United States Attorneys Cynthia F. Davidson and Anne-Marie Svolto appeared on behalf of the Government for both hearings. Attorney Francis L. Lloyd, Jr., appeared in an advisory capacity for Defendant Tucci-Jarraf, who was also present. In the afternoon, Assistant Federal Defender Bobby E. Hutson, Jr., appeared with Defendant Beane.

**I.    Representation for Defendant Tucci-Jarraf**

Defendant Tucci-Jarraf was brought before the Court for an initial appearance in this district and arraignment on August 24, 2017. At that time, Defendant Tucci-Jarraf informed United States Magistrate Judge H. Bruce Guyton that she wanted to represent herself in the current hearing and to reserve her decision on whether she wanted Attorney Francis L. Lloyd, Jr., to represent her

1

or whether she would represent herself going forward. Judge Guyton set the matter of Defendant Tucci-Jarraf's representation for a status conference before the undersigned on August 29.[1]

At the August 29 hearing, Defendant Tucci-Jarraf stated that she did not want counsel and that she wanted to represent herself, without prejudice and subject to her jurisdictional challenge. The Court advised the Defendant of the risks and perils of self representation, using the litany provided in *United States v. McDowell*, 814 F.3d 245, 251 (6th Cir. 1987). The Court finds that Defendant Tucci-Jarraf has studied law, previously worked as both a public defender and a state prosecutor, and previously represented herself in a criminal matter. The Court advised the Defendant that she would be better served by licensed counsel and that it is unwise for her to represent herself in this case. However, despite the Court's recommendation that she be represented by a licensed attorney, Defendant Tucci-Jarraf chose to represent herself. Based upon the Defendant's answers to the *McDowell* questions, the Court finds that the Defendant knowingly and voluntarily waived her right to counsel and is permitted to represent herself. *See Faretta v. California*, 422 U.S. 806, 835 (1975) (holding that a criminal defendant may represent herself, if her decision to do so is voluntary and intelligent).

Defendant Tucci-Jarraf asked the Court to appoint Mr. Lloyd as her elbow or standby counsel. The Court reviewed the Defendant's financial affidavit and found that she qualified for the appointment of elbow counsel. The appointment of standby counsel does not violate a defendant's right to represent him- or herself. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984);

---

[1] The matter was also set for a detention hearing on August 29. Following evidence, proffer, and argument on the matter of detention, the Court released [Doc. 35] Defendant Tucci-Jarraf on conditions.

2

*Faretta*, 422 U.S. at 834 n.36 (1975) (noting that the court may appoint standby counsel, over the defendant's objection, to help the defendant at his or her request and to represent the defendant if self-representation must be terminated). Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Wiggins*, 465 U.S. at 178. Elbow counsel can "assist[] the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete" and can help "ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* at 183. The Court also observes that the appointment of standby counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." *Id.* at 184.

With these principles in mind, the Court **APPOINTS** Attorney Francis L. Lloyd, Jr., to serve as elbow counsel for Defendant Tucci-Jarraf pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. To the extent possible, Mr. Lloyd shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum. He should help the Defendant overcome routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, which the Defendant has clearly indicated she wants to complete. Mr. Lloyd may also, upon the Defendant's request, provide technical assistance in presenting the defense and preserving the record for appeal. Finally, the Court may ask Mr. Lloyd to represent Defendant Tucci-Jarraf should she decide that she wants the Court to appoint counsel for her or if the termination of self-representation becomes necessary,

such as if the Court orders that the Defendant be removed from the courtroom for disruptive behavior.

Defendant Tucci-Jarraf is admonished that she may not represent Defendant Beane and that she may not be represented by someone who is not a licensed attorney and who is not authorized to appear in this Court.

## II. Representation for Defendant Beane

On July 27, 2017, the Court appointed [Doc. 11] Assistant Federal Defender Bobby E. Hutson, Jr., and the Federal Defender Services of Eastern Tennessee ("FDS") to represent Defendant Beane. On August 14, 2017, Mr. Hutson filed a motion [Doc. 20] asking the Court to review the attorney-client relationship. Mr. Hutson states that Defendant Beane asked that he be removed, because Defendant Beane no longer has confidence in Mr. Hutson's legal advice and does not feel that Mr. Hutson is representing him effectively. The motion states that Defendant Beane wants to represent himself and does not want an attorney to represent him.

The parties appeared for a hearing on this motion on the afternoon of August 29, 2017. Defendant Beane confirmed that he no longer wanted Mr. Hutson to represent him and that he wanted to represent himself. The Court advised Defendant Beane of the risks and perils of selfrepresentation, using the questions provided in the *McDowell* case. 814 F.3d at 251. The Court finds that Defendant Beane, has never studied law, has never represented himself in a criminal case, and is not familiar with the Federal Rules of Evidence or the Federal Rules of Criminal Procedure. The Court informed Defendant Beane that he would be better off being represented by counsel and that it is unwise for him to represent himself in this case. Nevertheless, despite the Court's strong recommendation that he continue to be represented by a licensed attorney,

4

Defendant Beane chose to represent himself. Based upon the Defendant's answers to the *McDowell* questions, the Court finds that Defendant Beane knowingly and voluntarily waived his right to counsel. *See Faretta*, 422 U.S. at 835. Attorney Hutson and FDS are **RELIEVED** of their representation of Defendant Beane, who is permitted to represent himself. Mr. Hutson stated that he had provided Defendant Beane with a copy of his discovery. The Court instructed Mr. Hutson to provide a copy[2] of discovery to elbow counsel, once he or she is appointed.

Defendant Beane stated that while he wanted to represent himself, he would like to have the assistance of someone who could file documents for him and could type the documents that he composed. The Court informed Defendant Beane of the role of standby or elbow counsel, noting that elbow counsel could assist him with filing documents that the Defendant composed. The Court observed that the Defendant would have to draft motions or other documents himself and that it would be up to elbow counsel whether he or she had time to have the Defendant's documents typed for him. Defendant Bean said he did not want Mr. Hutson to be his elbow counsel. The Court agreed to appoint elbow counsel for Defendant Beane and will do so by separate order.

Defendant Beane is admonished that his Codefendant Tucci-Jarraf cannot represent him, nor can he be represented by an individual who is not licensed to practice law and permitted to appear in this Court.

---

[2] At the Defendant's request, the Court allowed Mr. Hutson to provide a copy of discovery to Patricia Crawford, who was seated in the audience. With regard to discovery, the Court warned Defendant Beane and others in the courtroom against publishing the personal identifiers of third parties. *See* Fed. R. Crim. P. 49.1.

### III. Trial Continuance and New Schedule

Defendant Tucci-Jarraf has moved [Doc. 30] the Court to continue the October 3 trial date and to extend the other deadlines in this case. She states that the current trial date and other pretrial deadlines do not give her sufficient time to review discovery, prepare and file pretrial motions, and to prepare her defense. The motion states that Mr. Lloyd has advised Defendant Tucci-Jarraf of her right to a speedy trial and that she is waiving that right with regard to her motion to continue the trial.

At the August 29 hearing, Defendant Tucci-Jarraf said that she has not received discovery in this case and that she needs more time to prepare. The Court observed that Defendant TucciJarraf has already expressed her intention to file a dispositive motion contesting the Court's jurisdiction. The Court set a motion hearing for this and any other pretrial motions for October 18, 2017, at 9:30 a.m., and advised the parties that resolution of dispositive motions could take up to ninety days. The Government did not object to a trial continuance. In the afternoon hearing, Defendant Beane also acknowledged that he would like additional time to prepare for trial. All parties agreed on a new trial date of January 23, 2018.

The Court finds the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that Defendant Tucci-Jarraf recently appeared and was arraigned on August 24, 2017. Both Defendants are now representing themselves. Defendant Tucci-Jarraf has stated that she will file a dispositive motion, which the Court finds could take up to three months to resolve. *See* 18 U.S.C. § 3161(h)(1)(D) & -(H). Accordingly, the Court finds that continuing the trial for three months from the current trial date of October 3, 2017, is necessary in order to give the Defendants the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). The

Defendants need time to review discovery, prepare and litigate pretrial motions, and prepare the case for trial. The Court finds that requiring the parties to proceed to trial on October 3 would deprive the Defendants of the reasonable time necessary to prepare effectively for trial, even taking into account their acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, Defendant Tucci-Jarraf's motion [**Doc. 30**] to continue, which the Court finds Defendant Beane has joined, is **GRANTED**. The trial of this matter is reset to **January 23, 2018**. The Court finds that all the time between the filing of Defendant Tucci-Jarraf's motion on August 28, 2017, and the new trial date of January 23, 2018, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), (1)(H), and -(7)(A)-(B). With regard to other scheduling in this case, the Government is to provide discovery to Defendant Tucci-Jarraf on or before **September 5, 2017**. The Court set a new motion deadline of **September 29, 2017**. The Court informed both Defendants that they did not have to refile prior *pro se* filings [Docs 18, 19, and 25], which they allege are relevant to their challenges to jurisdiction. Instead, the Defendants may refer to these filings by document number and page number in any future motions. Responses to motions are due on or before **October 13, 2017**. The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **October 18, 2017, at 9:30 a.m.** This date will also be the deadline for providing reciprocal discovery. The new deadline for concluding plea negotiations is **December 21, 2017**. The Court instructs the parties that all motions *in limine* must be filed no later than **January 8, 2018**. Special requests for jury instructions shall be submitted to the Chief District Judge no later than **January 12, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Tucci-Jarraf's request to represent herself is knowingly and voluntarily made and is **GRANTED**. Defendant Tucci-Jarraf is permitted to represent herself;

7

(2) Defendant Tucci-Jarraf's oral request for the appointment of elbow counsel is **GRANTED**. Attorney Francis L. Lloyd, Jr., is **APPOINTED** as elbow counsel for Defendant Tucci-Jarraf, pursuant to the CJA;

(3) Defendant Beane's Motion to Review the Attorney/Client Relationship [**Doc. 20**] is **GRANTED**. The Court conducted a review of that relationship and permitted Defendant Beane to represent himself, finding that his decision to do so is knowingly and voluntarily made;

(4) Defendant Beane's oral request for the appointment of elbow counsel is **GRANTED**. The undersigned will appoint elbow counsel for Defendant Beane by separate Order;

(5) Assistant Federal Defender Bobby E. Hutson, Jr., and the FDS are **RELIEVED** of their representation of Defendant Beane. Mr. Hutson has provided a copy of the discovery to Defendant Beane. Mr. Hutson is **DIRECTED** to provide a copy of the discovery to elbow counsel for Defendant Beane;

(6) The Motion of the Defendant Heather Ann Tucci-Jarraf for a Continuance and for Extensions of Deadlines [**Doc. 30**] is **GRANTED**. The Court finds that Defendant Beane also joined in the request for a continuance of the trial and all pretrial deadlines;

(7) The trial of this case is reset to commence on **January 23, 2018**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(8) All time between the filing of Defendant Tucci-Jarraf's motion on **August 28, 2017**, and the new trial date of **January 23, 2018**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(9) The Government's deadline for providing discovery to Defendant Tucci-Jarraf is **September 5, 2017**;

(10) The new deadline for filing pretrial motions is **September 29, 2017**. Defendants are **INSTRUCTED** that they do not need to refile the documents already filed in this case but, instead, should reference previously filed documents in their motions by document number and page number;

8

(11) Responses to motions are due on or before **October 13, 2017**;

(12) The parties are to appear before the undersigned for a motion hearing on all pending pretrial motions on **October 18, 2017, at 9:30 a.m.** This date is also the deadline for providing reciprocal discovery;

(13) The deadline for concluding plea negotiations is extended to **December 21, 2017**;

(14) All motions *in limine* must be filed no later than **January 8, 2018**;

(15) Special requests for jury instructions shall be submitted to the Chief District Judge no later than **January 12, 2018**, and shall be supported by citations to authority pursuant to Local Rule 7.4; and

(16) The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to each of the Defendants.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge