IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:17-CR-82-TAV-CCS |
| ) | |
| RANDALL KEITH BEANE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. During a motion hearing on August 29, 2017, the Court permitted Defendant Beane to represent himself. Defendant Beane asked the Court to appoint elbow or standby counsel to assist him in this case. The Court granted that request.

The appointment of standby counsel does not violate a defendant's right to represent himself. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984); *Faretta*, 422 U.S. at 834 n.36 (1975) (noting that the court may appoint standby counsel, over the defendant's objection, to help the defendant at his or her request and to represent the defendant if self-representation must be terminated). Although the exact role of standby counsel is largely undefined, the Supreme Court has placed two limitations on that role: "First, the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury. . . . . Second, participation by standby counsel without the defendant's consent should not be allowed to destroy the jury's perception that the defendant is representing himself." *Wiggins*, 465 U.S. at 178. Elbow counsel can "assist[] the *pro se* defendant in overcoming routine procedural or evidentiary obstacles to the completion of

1

some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete" and can help "ensure the defendant's compliance with basic rules of courtroom protocol and procedure." *Id.* at 183. The Court also observes that the appointment of standby counsel can "relieve the [trial] judge of the need to explain and enforce basic rules of courtroom protocol." *Id.* at 184.

With these principles in mind, the Court **APPOINTS** Attorney Stephen G. McGrath to serve as elbow counsel for Defendant Beane pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A.[1] To the extent possible, Mr. McGrath shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum. He should help the Defendant overcome routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, which the Defendant has clearly indicated he wants to complete.[2] Mr. McGrath may also, upon the Defendant's request, provide technical assistance in presenting the defense and preserving the record for appeal. Finally, the Court may ask Mr. McGrath to represent Defendant Beane should he decide that he wants the Court to appoint counsel for him or if the termination of self-representation becomes necessary, such as if the Court orders that the Defendant be removed from the courtroom for disruptive behavior.

---

[1] On July 27, 2017, the undersigned previously accepted Defendant Beane's financial affidavit and found that he qualified for appointed counsel.

[2] At the August 29 motion hearing, the Court informed Defendant Beane of the role of standby or elbow counsel, noting that elbow counsel could assist him with filing documents that the Defendant composed. The Court observed that the Defendant would have to draft motions or other documents himself and that it would be up to elbow counsel whether he or she had time to have the Defendant's documents typed for him. Defendant Beane is reminded that he does not have to refile the *pro se* documents [Doc. 18] that he previously filed in this case but that he may instead reference the previously filed document, by document number and page number, in any motions or other filings with the Court.

Defendant Beane is again admonished that his Codefendant Tucci-Jarraf cannot represent him, nor can he be represented by an individual who is not licensed to practice law and permitted to appear in this Court.

Accordingly, it is **ORDERED** that Attorney Stephen M. McGrath is **APPOINTED** as elbow counsel for Defendant Beane, pursuant to the CJA.  The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Defendant Beane at the Blount County Detention Center.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge