*Original Instrument*
Duly Rejected w/thout dishonor, for due cause;
Lacks due verification and validation of presenter:
1. identification; 2. authorization;
3. Authority; and,
4. endorsement.
October 17, 2017
[signature]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:17-CR-82 |
| | ) | Judges Varlan/Shirley |
| RANDALL KEITH BEANE, and | ) | |
| HEATHER ANN TUCCI-JARRAF | ) | |
| | ) | |

## UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

The United States of America, by and through Nancy Stallard Harr, United States Attorney for the Eastern District of Tennessee, hereby responds in opposition to the defendants' Motion to Dismiss (Doc. 43) filed by the defendant, Heather Ann Tucci-Jarraf, on October 2, 2017, and joined by co-defendant Randall Beane (Doc. 44). Defendants argue that the Indictment should be dismissed because this Court lacks jurisdiction. For the reasons set forth below, the United States submits the defendants' motion is frivolous and should be denied.

### PROCEDURAL HISTORY

On July 18, 2017, a Grand Jury sitting in the Eastern District of Tennessee returned an Indictment charging Beane with five counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h); Tucci-Jarraf was charged with conspiring with Beane to launder money, in violation of 18 U.S.C. § 1956(h). (Doc. 3, Indictment.) The Court held Beane's initial appearance on July 27, 2017. (Doc. 9, Minute Entry for Initial Appearance) Beane was detained pending trial. (Doc. 13, Order of Detention.)

On July 26, 2017, Tucci-Jarraf was arrested in Washington, D.C. (*United States v. Tucci-Jarraf*, Case No. 17-531, (D. D.C. August 2, 2017).) At Tucci-Jarraf's preliminary hearing in

that district, she requested an identity hearing. (*See id.*) In connection with that hearing, Tucci-Jarraf submitted over 150 pages of Uniform Commercial Code ("UCC") financing statements and documents purporting to be from "The One People's Public Trust." (Case No. 17-531, R. 2, Identity Hearing Materials.) The court there found that the defendant, Heather Ann Tucci-Jarraf that was before the court is the named Heather Ann Tucci-Jarraf in the Indictment. Tucci-Jarraf was then brought to the Eastern District of Tennessee. (*See id*, R. 3, Commitment to Eastern District of Tennessee.)

On August 29, 2017, the Court held hearings for each of the defendants regarding Tucci-Jarraf's detention and Beane's representation. (Docs. 34-36.) At each of the defendant's hearings, the defendants objected to the Court's jurisdiction. (*See id.*) Tucci-Jarraf and Beane are representing themselves in this action and have stand-by counsel appointed. (*See* Doc. 37, Order Appointing Elbow Counsel for Tucci-Jarraf; Doc. 41, Order Appointing Elbow Counsel for Beane.) Tucci-Jarraf filed the instant Motion to Dismiss on September 29, 2017, which Beane joined. (Doc. 43, Motion to Dismiss; Doc. 44, Motion to Adopt.)

ARGUMENT

Defendants appear to argue that the Court lacks both *in personam* and subject matter jurisdiction on grounds related to dozens of pages of UCC filings that have no apparent relation or relevance to the case at bar. Defendants claim that the United States is a corporation pursuant to 28 U.S.C. §3002(15), and in 2012, somehow, the United States, as a corporation, was "foreclosed and terminated . . . for due cause." (Doc. 43, Motion to Dismiss, pg. 4.) Accordingly, the United States and the Court and its agents "do not legally exist, have authority to act, or jurisdiction" over the action or over the defendants. (*Id.*) The defendants' arguments, however, have no legal merit.

2

This Court unquestionably has both *in personam* and subject matter jurisdiction as the court with exclusive jurisdiction over matters involving crimes against the United States. 18 U.S.C. § 3231; *see also United States v. Pryor*, 842 F.3d 441, 447 (6th Cir. 2016) (*cert. denied*, 137 S. Ct. 2254 (2017)) (finding the district court has both *in personam* and subject matter jurisdiction over federal criminal cases and finding fringe beliefs to the contrary meritless). Subject matter jurisdiction over criminal prosecutions is conferred by 18 U.S.C. § 3231, which states that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231; *see also Pryor*, 842 F.3d at 447 (finding the district court has both *in personam* and subject matter jurisdiction over federal criminal cases and finding fringe beliefs to the contrary meritless); *United States v. Ballestros*, 603 Fed. App'x 216, 217 (4th Cir. 2015) (holding that because the defendant "was unquestionably subject to the court's authority under [18 U.S.C. § 3231], his jurisdictional challenge lacks merit.")

It is undeniable that the defendants have been charged with crimes against the United States. Beane has been charged with wire fraud and money laundering offenses, while Tucci-Jarraf has been charged with one count of conspiracy to commit money laundering. (Doc. 3, Indictment.) These offenses are codified in Title 18 and there is no dispute that they are federal offenses. *See* 18 U.S.C. §§ 1343;1956(h). Accordingly, the Court has subject matter jurisdiction over this matter. Any argument to the contrary is meritless.

The Court must also find that it has *in personam* jurisdiction over the defendants. This is also indisputable in this case. The defendants' argument that the United States is a "foreclosed" corporation or the defendants' claimed status as "Original Factualized Trust" have no legal relevance to the issue of jurisdiction. (Doc. 43, Motion to Dismiss, pg. 3.) These claims are

3

Case 3:17-cr-00082-TAV-CCS   Document 46   Filed 10/12/17   Page 3 of 6   PageID #: 2098
Case 3:17-cr-00082-TAV-CCS   Document 53   Filed 10/17/17   Page 3 of 8   PageID #: 2135

similar to arguments advanced by "Sovereign Citizens" who argue that they are not subject to the laws or courts of the United States because of some special classification. *See United States v. Davis*, 545 Fed. App'x 513, 518 (7th Cir. 2013) (finding that argument that district court lacked subject matter jurisdiction reflects "sovereign citizen" beliefs and is frivolous) (citations omitted); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011).

Attacks on federal courts' jurisdiction in this context are not uncommon. *See e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases); *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting "shop-worn" argument that defendant is a sovereign and somehow beyond jurisdiction of the district court); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (finding "sovereign citizen" defense has "no conceivable validity in American law"). Courts have routinely rejected such attempts to avoid federal jurisdiction.

In *Benabe*, the defendants raised a number of arguments alleging they were beyond the Court's jurisdiction because they declared themselves to be sovereign citizens, secured party creditors and "flesh-and-blood human beings." The Seventh Circuit roundly rejected such arguments, explaining that "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily . . . ." *Benabe*, 654 F. 3d at 767. Indeed, courts have uniformly rejected arguments that a defendant is sovereign and beyond jurisdiction of the courts. *Id. (citing United States v. Burke*, 425 F.3d 400, 408 (7th Cir.2005); *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir.1993); *United States v. Sloan*, 939 F.2d 499, 500–01 (7th Cir.1991); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990) (rejecting defendant's "sovereign citizen" defense as having "no conceivable

4

validity in American law"); *United States v. Phillips,* 326 Fed.Appx. 400 (7th Cir.2009) (dismissing jurisdiction arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law)); *Pryor,* 842 F.3d at 447 (finding that "[f]ederal courts have jurisdiction over criminal defendants before them, whether or not they are forcibly brought into court") (citing *United States v. Alvarez–Machain,* 504 U.S. 655, 660–62 (1992); *Frisbie v. Collins,* 342 U.S. 519, 522 (1952)).

Likewise, this Court should reject the defendants' theory that they are beyond the jurisdiction of the Court. Here, defendants were charged with violating the laws of the United States. (Doc. 3, Indictment.) Moreover, despite the indecipherable arguments that the United States is a foreclosed corporation without authority or that the defendants are Trusts or some other entity, the Court cannot be deprived of jurisdiction; simply, the defendants are subject to federal laws, just like everyone else, regardless of their claimed status.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss should be denied.

NANCY STALLARD HARR
United States Attorney

By: *s/ Anne-Marie Svolto*
ANNE-MARIE SVOLTO
CYNTHIA F. DAVIDSON
Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167

[Handwritten annotation: "Duly rejected without dishonor, for due cause; lacks due verification and validation of presenters: 1. identification; 2. authorization; 3. authority; and, 4. endorsement. October 17, 2017" with signature]

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*s/Anne-Marie Svolto*
ANNE-MARIE SVOLTO
Assistant United States Attorney

6

Case: 3:17-cr-00082-TAV-CCS Document: 46 Filed 10/12/17 Page 6 of 6 PageID #: 2101
Case: 3:17-cr-00082-TAV-CCS Document: 53 Filed 10/17/17 Page 6 of 8 PageID #: 2138

**U.S. Department of Justice**
United States Attorneys Office
*Eastern District of Tennessee*

800 Market Street
Suite 211
Knoxville, Tennessee 37902-2312

Official Business

KNOXVILLE
TN 377
13 OCT '17
PM 3 L

U.S. OFFICIAL MAIL US POSTAGE
PENALTY FOR PRIVATE USE $300
$00.46⁰
1STCLASS RTL
Mailed From 37902
10/13/2017
031A 0003230252

HEATHER ANN TUCCI-JARRAF
105 ORCHARD LN
OAK RIDGE TN 37830

37830-980405

## Certificate of Service

I certify that on October 17, 2017, a copy of the foregoing was cause to be filed electronically. Notice of this filing will be sent by operation of the alleged Court's electronic filing system to all alleged parties indicated on the electronic filing receipt. Alleged parties may access this filing through the alleged Court's electronic filing system.

_[signature] without prejudice_
Original

_[signature] without prejudice_