UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos.: 3:17-CR-82-TAV-CCS-1 |
| | ) | 3:17-CR-82-TAV-CCS-2 |
| RANDALL KEITH BEANE, and HEATHER ANN TUCCI-JARRAF, | ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge C. Clifford Shirley, Jr., on November 16, 2017 [Doc. 62]. In the R&R, Magistrate Judge Shirley recommends that the Court deny the defendants' motion to dismiss the indictment [Doc. 43] and deny the defendants' many supplemental filings purporting to void the indictment and other parts of the record [Docs. 42, 45, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57]. On November 30, defendant Tucci-Jarraf filed a *pro se* document which the Court construes as raising objections to the R&R [Doc. 65]. Then, on December 1, defendant Tucci-Jarraf filed a "Declaration of Receipt, No Receipt, and Service," which the Court also construes as raising objections to the R&R [Doc. 66].[1] Defendant Beane has moved to join both of defendant Tucci-Jarraf's filings,

---

[1] In this filing, defendant Tucci-Jarraf asserts that she was served with a copy of the R&R on November 17, 2017 [Doc. 66 p. 1]. If so, then both documents were properly filed within the fourteen-day window for objections to the R&R. *See* Fed. R. Crim. P. 59(b)(2). The Court assumes this to be the case for purpose of this opinion.

asserting they are similarly situated in that defendant Beane also believes the Court lacks jurisdiction over him [Docs. 63, 67–68]. Finding defendant Beane's motions to join to be well-taken, the Court will grant those motions.

The district court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects, unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Mira*, 806 F.2d at 637 (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)). "[A]bsent compelling reasons," parties may not "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)); *see also Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996) ("[I]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. § 636(b)(1).

Here, the Court finds that it need not conduct a *de novo* review of any portion of the R&R because the defendants' "objections" are frivolous, conclusive, and general. In her first filing, defendant Tucci-Jarraf merely obtained a copy of the R&R, handwrote ambiguous remarks on the top and bottom of each page, signed and marked each page with

2

a red fingerprint, and refiled the altered document with the Clerk of Court [Doc. 65]. Although these remarks are difficult to read, almost all are some variant of the following: "*Original Instrument* Entirety, Duly rejected, without dishonor, for due cause. Lacks due verification and validation, with signature and seal, or presenter's [unknown word]: 1. Identification; 2. Authority; 3. Authorization; and, 4. Indorsement" [*Id.* at 1]. Defendant Tucci-Jarraf also lists the CM/ECF numbers of numerous docket entries in this case, without elaboration [*Id.* at 1, 16]. And, on the last page of the R&R, she has circled Magistrate Judge Shirley's signature and included the following remark: "**Special note: Doc 55, and Doc 54, and specifically 'FINAL NOTICE,' restated, still in effect, and effect w/ clarification: not ledgered against any individuals" [*Id.* at 16].

In her second filing, defendant Tucci-Jarraf explains the circumstances under which she received a copy of the R&R by U.S. mail, purchased a certified copy of the same from the Clerk of Court with additional CM/ECF markers, and then filed a physically altered version with the Clerk on December 1 [Doc. 66 pp. 1–2]. Defendant Tucci-Jarraf asserts that she has "duly rejected, without dishonor, for due cause," the R&R on the ground that neither Magistrate Judge Shirley nor the Clerk provided "due markings, inclusive of due identification, date, indorsement, certification, validation, or verification" [*Id.* at 2].[2]

---

[2] Defendant Tucci-Jarraf also complains that she incurred "unreasonable extra costs" by having to file these documents via personal service because the Clerk's office informed her on November 30 that no personnel were available to electronically file the documents [Doc. 66 p. 2]. She has also attached documentation of these costs [*Id.* at 25–27]. This complaint does not appear to be an objection to the R&R itself; nor does defendant Tucci-Jarraf request any relief from the Court on this point. Thus, the Court does not consider this issue here.

3

Defendant Tucci-Jarraf has also attached altered and unaltered versions of the R&R and copies of email correspondence among the parties [*Id.* at 6–24]. She does not, however, raise any additional substantive objections to the R&R.

The Court first notes that Magistrate Judge Shirley included a proper electronic signature on the final page of the R&R [Doc. 62 p. 16]. No other form of "due verification and validation" is required by any federal rule or statute of which the Court is aware, and defendants have not cited to any such requirement. Indeed, Rule 11 of the Eastern District of Tennessee Electronic Case Filing Rules and Procedures expressly provides as follows: "Any order or other court-issued document filed electronically without the handwritten signature of a judge or clerk has the same force and effect as if the judge or clerk had signed a paper copy of the document and it had been entered on the docket in paper form." Further, defendant Tucci-Jarraf never specifies *how* Magistrate Judge Shirley and the Clerk should have verified the R&R. Moreover, beyond this issue, defendant Tucci-Jarraf's remarks offer no legal or factual argument the Court could properly consider, and they certainly do not "pinpoint those portions of the [R&R]" under objection. *Mira*, 806 F.2d at 637 (quoting *Nettles*, 677 F.2d at 404). The Court is, frankly, unclear what these objections mean, if intended as objections at all. The Court is, of course, mindful of its duty to "liberally construe the briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se*." *Bouyer v. Simon*, 22 F. App'x 611, 612 (6th Cir. 2001). But having searched defendant Tucci-Jarraf's filings for any substantive objection to the R&R, the Court is unable to locate any issue it could subject to *de novo* review.

4

Nevertheless, the Court has independently reviewed the R&R and is in complete agreement with Magistrate Judge Shirley's recommendations, which the Court adopts and incorporates into this ruling. Accordingly, the Court **ACCEPTS IN WHOLE** the R&R [Doc. 62]. Defendant Beane's motions [Docs. 63, 67–68] to join the filings of defendant Tucci-Jarraf are hereby **GRANTED**. Furthermore, to the extent they may be considered motions, the defendants' motion to dismiss the indictment [Doc. 43] and supplemental filings purporting to void the indictment and other parts of the record [Docs. 42, 45, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57] are all hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE